J. E03006/16

2017 PA Super 38

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW JOSIAH GOSLIN, | : | |
| | : | |
| Appellant | : | No. 1114 MDA 2015 |

Appeal from the Judgment of Sentence June 2, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division No(s): CP-36-CR-0005761-2014

BEFORE: BENDER, P.J.E., BOWES, PANELLA, LAZARUS, OTT, STABILE,
DUBOW, MOULTON, and RANSOM, JJ.

OPINION BY DUBOW, J.:                    **FILED FEBRUARY 16, 2017**

Appellant, Andrew Josiah Goslin, appeals from the Judgment of

Sentence entered in the Lancaster County Court of Common Pleas on June

2, 2015. Following a bench trial, the trial court convicted Appellant of one

count of Possession of Weapon on School Property, a first-degree

misdemeanor. 18 Pa.C.S. § 912(b). After reviewing the record and

applicable law, we vacate Appellant's Judgment of Sentence and order a new

trial on the ground that the trial court erred in not properly interpreting and

applying the plain language of the statutory defense to Possession of

Weapon on School Property. 18 Pa.C.S. § 912(c).

**Factual and Procedural History**

On August 28, 2014, Appellant's son was suspended from elementary

school for three days for bringing a knife to school. On September 4, 2014,

at 2:45 PM, Appellant and his wife attended a meeting at the school to discuss the disciplinary action with school administrators. N.T., 6/2/15, at 19. Appellant arrived at the meeting directly from his job as a carpenter. N.T. at 29-31.

When Appellant arrived at the conference, he had in his pocket a 3-4 inch pocketknife that he uses not only at work as a carpenter, but also to sharpen pencils, whittle sticks with his sons, and "open tuna cans when my wife forgets to pack me a tuna can opener." *Id.* at 26, 30-31.

During the meeting, Appellant removed the knife from his pocket and placed it forcefully on a conference table around which the meeting attendees were seated and asked whether he would be arrested. *Id.* at 20, 31-32.

Following the meeting, on September 14, 2014, the police charged Appellant with Possession of Weapon on School Property as well as Terroristic Threats with Intent to Terrorize Another.[1] The trial court dismissed the latter charge on December 9, 2014.

The court held a bench trial on June 2, 2015 on the charge of Possession of Weapon on School Property and rejected Appellant's defense that he had the pocketknife on school property "for other lawful purpose[s]" because the ostensible lawful purposes were not related to school activities. The trial court found Appellant guilty and sentenced him to one year of

---

[1] 18 Pa.C.S. § 2706(a)(1).

J.E03006/16

probation. Appellant timely appealed.[2] Appellant and the trial court complied with Pa.R.A.P. 1925.

## **Issues on Appeal**

Appellant raises the following issues for review, which we have reordered for ease of disposition:

> 1. Whether the trial court abused its discretion, committed an error of law, or violated constitutional rights of Appellant by finding that the defense of "other lawful purpose" in 18 Pa.C.S. § 912(c) did not apply to [Appellant] when:
>
>> A. The plain statutory language precludes [Appellant's] conviction;
>>
>> B. The General Assembly's intent, as demonstrated by the [l]egislative [d]ebate, was not to criminalize [Appellant's] conduct;
>>
>> C. Article I, Section 21 of the Pennsylvania Constitution and the Second Amendment of the Constitution protect [Appellant's] conduct; and
>>
>> D. In the alternative, the statutory language is so vague and[,] therefore, insufficient to establish criminal culpability.

---

[2] While represented by counsel, Appellant filed his Notice of Appeal and Rule 1925(b) Statement *pro se*. On July 31, 2015, this Court directed the trial court to hold a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1988), to determine whether Appellant wished to proceed *pro se*, or to petition for the appointment of new counsel. The trial court held a ***Grazier*** hearing on August 11, 2015, after which it approved Appellant's request to represent himself. Appellant obtained counsel after this Court granted his request for reargument before an *en banc* panel.

2. Whether the trial court abused its discretion, committed an error of law or violated constitutional rights of Appellant by convicting [Appellant] when the record establishes that:

A.    He did not have the requisite *mens rea* as established by this Court's recent decision in ***Commonwealth v. Giordano***, 121 A.3d 998, 1006 (Pa. Super. 2015), since he did not act "intentionally, knowingly, or recklessly;" and

B.    In the alternative, [Appellant's] belief that his conduct is a mistake of fact that precludes his conviction.

Appellant's Brief at 2-3.

## **Legal Analysis**

In his first issue, Appellant claims that the trial court erred by improperly interpreting the defense to the charge of Possession of Weapon on School Property.  Appellant argues that, in light of the plain language of Section 912(c), the trial court erred by limiting its interpretation of "other lawful purpose[s]" to require that the "lawful purpose must be related to the reason why one is on school property."  Trial Ct. Op., 9/15/15, at 4.

Appellant avers that, contrary to the trial court's holding, Section 912(c) provides a defendant with a defense of possessing a weapon for "other lawful purpose[s]," and this defense is not contingent upon the defendant's possessing the weapon in connection with a school activity. Appellant's Brief at 16.   Appellant specifically argues that he came to the school conference straight from work, and uses the pocketknife at work as a carpenter, thus, he possessed the pocketknife for "lawful purpose[s]." ***Id.***

at 19, 22. Appellant concludes that the trial court should have accepted the defense that Appellant possessed the knife at the school conference for other lawful purposes and found him not guilty of Possession of Weapon on School Property. 18 Pa.C.S. § 912(c).

Statutory interpretation is a question of law, therefore our standard of review is *de novo,* and our scope of review is plenary. ***Commonwealth v. McCoy***, 962 A.2d 1160, 1162 (Pa. 2009). "In all matters involving statutory interpretation, we apply the Statutory Construction Act, 1 Pa.C.S. § 1501 *et seq.,* which provides that the object of interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." ***Commonwealth v. McCoy***, 962 A.2d at 1166 (citation omitted).

Generally, a statute's plain language provides the best indication of legislative intent. ***Id.*** We will only look beyond the plain language of the statute when words are unclear or ambiguous, or the plain meaning would lead to "a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S. § 1922(1). Therefore, when ascertaining the meaning of a statute, if the language is clear, we give the words their plain and ordinary meaning. ***Commonwealth v. Hall***, 80 A.3d 1204, 1211 (Pa. 2013).

In this case, the statutory language at issue provides:

> (c) Defense.—It shall be a defense that the weapon is possessed and used in conjunction with a lawful supervised school activity or course **or is possessed for other lawful purpose**.

18 Pa.C.S. 912(c) (emphasis added).

The trial court first concluded that the language of Section 912(c) is vague. After construing the language according to the canons of statutory construction, including engaging in an analysis of legislative intent, the trial court interpreted Section 912(c) to require that the other lawful purpose for which a defendant possessed a weapon on school property "must be related to the reason why one is on school property." Trial Ct. Op., at 2-4. We disagree with the trial court's conclusion that the language of Section 912(c) is vague.

Rather, we conclude that, in order to ascertain the meaning of Section 912(c), we need not look beyond its plain language. The plain meaning of Section 912(c) provides two separate defenses: possessing and using a weapon on school property "in conjunction with a lawful supervised school activity" as well as possessing "for other lawful purpose." At issue here is whether Appellant possessed the pocketknife "for other lawful purpose."

While we cannot turn to a dictionary to ascertain the plain or ordinary meaning of the phrase "other lawful purpose," we can analyze the component parts to determine the phrase's definition. Something that is "other" is "distinct from the one or those first mentioned or understood," or is "additional." Webster's Third New International Dictionary 1598 (1986). A "lawful" act is one that is "allowed or permitted by law." *Id.* at 1279. And last, a "purpose" is "something that one sets before himself as an object to

be attained," "an end or aim to be kept in view in any plan, measure, exertion, or operation," or "an object, effect, or result aimed at, intended, or attained." *Id.* at 1847. Accordingly, for purposes of the instant case, the plain meaning of the phrase "other lawful purpose" is an aim or goal different from, or in addition to, an aim or goal described in the first clause of Section 912(c), *i.e.*, in conjunction with "a lawful supervised school activity or course." The second clause of this subsection, thus, serves as a catchall provision.

Contrary to the trial court's conclusion, the "other lawful purpose" language does not restrict the defense provided in Section 912(c). Instead, the phrase does just the opposite: it expands the defense to include any additional or different lawful reason not otherwise mentioned in the first clause of Section 912(c), regardless of whether it is school-related.[3] To conclude otherwise, would make "possessed for other lawful purpose" redundant with "possessed and used in association with a lawful supervised school activity or course."

We conclude that the language of Section 912(c), though broad, is unambiguous, and that Appellant possessed his pocketknife on school

---

[3] The parties do not argue, and the trial court did not assert, that Appellant's possession of a pocketknife for use in his profession as a carpenter, or to open cans of tuna fish, is not a lawful purpose.

grounds for "other lawful purpose." Therefore, we vacate Appellant's Judgment of Sentence and order a new trial.[4]

Because Appellant's first issue on appeal is dispositive, we need not address Appellant's other issue.

Judgment of Sentence vacated. Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/2017

---

[4] Although we are concerned about individuals possessing weapons on school property, we are bound by the broad defense that the legislature has provided defendants in such cases. We would urge the legislature to review this language to ensure that the legislature's view has not changed since it enacted this defense in 1980.