J-S17025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CALVIN EDWARDS, :
:
Appellant : No. 2073 EDA 2018

Appeal from the Judgment of Sentence Entered June 14, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0008737-2016

BEFORE: BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED MAY 10, 2019**

Appellant, Calvin Edwards, appeals from the judgment of sentence imposed on June 14, 2018, for possession of a weapon on school property.[1] We affirm.

We derive the factual history of this case from a bench trial, which took place on February 16, 2018. On October 4, 2017, Appellant attended Spring-Ford Area High School as a student. That morning, one of Appellant's teachers reported to school police that Appellant smelled of marijuana. The school police officer notified Appellant's "house principal," Dr. Jeffrey Kollar, who investigated the matter. Dr. Kollar brought Appellant to his office and had Appellant empty his pockets and take off his shoes. He did not find any marijuana. As a matter of protocol, Dr. Kollar told Appellant he would need

_____

[1] 18 Pa.C.S.A. § 912.

to search his locker. As they walked to the locker, Appellant told Dr. Kollar that there was a pocket knife in the locker. At trial, Dr. Kollar testified that Appellant told him he usually carried the knife for self-defense. Dr. Kollar confiscated the knife and handed it over to school police. Spring-Ford Area High School expelled Appellant and the Commonwealth charged him criminally with possessing a weapon on school property. At the close of the Commonwealth's case, before Appellant testified, Appellant moved for a judgment of acquittal.[2] The trial court denied the motion.

Appellant testified that on the morning of October 4, 2017, he was running late for school and he quickly put on a pair of pants that were on the floor of his bedroom. Appellant testified that he did not realize the knife was in his pants pocket until he was already in school. Upon that realization, Appellant locked the knife in his locker. He testified that he is a recording artist, he used the knife a few days prior to help a disc jockey cut cords and set up equipment, and that he left the knife in the pants he wore that day. On cross-examination, Appellant admitted to telling Dr. Kollar the knife was for self-defense. After Appellant testified, the Commonwealth introduced a certified copy of his 2013 adjudication for burglary.

At the conclusion of the bench trial, the court found Appellant guilty. Before sentencing on June 14, 2018, Appellant, once again, moved for

_____

[2] At trial and in his brief Appellant mistakenly referred to this motion as a "motion for directed verdict of acquittal."

extraordinary relief in the form of judgment of acquittal. The trial court denied the motion and sentenced Appellant to three to 23 months' imprisonment followed by three years' probation. This appeal followed on July 11, 2018.[3]

Appellant sets forth three issues for our review.[4]

1. Whether the [Commonwealth] presented sufficient evidence to prove beyond a reasonable doubt that Appellant did not possess the pocket knife for a lawful purpose?

2. Whether the [Commonwealth] presented sufficient evidence to rebut Appellant's defense that he possessed the pocket knife for a lawful purpose beyond a reasonable doubt?

3. Whether the [t]rial [c]ourt erred in admitting into evidence Appellant's juvenile adjudications?

Appellant's Brief at 3.

Appellant's first two issues present the same question, *i.e.*, whether there was sufficient evidence to support Appellant's conviction. Specifically, Appellant argues that the Commonwealth did not present sufficient evidence to rebut his affirmative defense. We review a challenge to the sufficiency of the evidence *de novo* and our scope of review is plenary. ***In the Interest of J.B.***, 189 A.3d 390, 414 n.24 (Pa. 2018) (citation omitted). In assessing Appellant's sufficiency challenge, we must determine "whether, viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth],

---

[3] On July 13, 2018, the trial court directed Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied and the trial court filed its opinion on October 11, 2018.

[4] The issues have been renumbered for ease of disposition.

there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Cramer***, 195 A.3d 594, 601 (Pa. Super. 2018) (cleaned up). The evidence "need not preclude every possibility of innocence. . . . The finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence." ***Commonwealth v. Thomas***, 194 A.3d 159, 166 (Pa. Super. 2018) (cleaned up).

Section 912 of the Crimes Code provides, "[a] person commits a misdemeanor of the first degree if he possesses a weapon in the buildings of . . . any elementary or secondary publicly-funded educational institution[.]" 18 Pa.C.S.A. § 912(b). Appellant concedes that he knowingly possessed a knife on school property.[5] However, the statute goes on to state, "[i]t shall be a defense that the weapon is possessed and used in conjunction with a lawful supervised school activity or course or is possessed for other lawful purpose." 18 Pa.C.S.A. 912(c). Appellant contends that he presented evidence that he had the knife for a lawful purpose and the Commonwealth had the burden to disprove his defense beyond a reasonable doubt.

Appellant raises his first claim against the backdrop of his initial motion for judgment of acquittal, arguing that the trial court should have granted his

---

[5] We have held that possessing a weapon on school property is not a strict liability crime—the Commonwealth must prove the defendant acted intentionally, knowingly, or recklessly. ***Commonwealth v. Giordano***, 121 A.3d 998, 1006 (Pa. Super. 2015).

motion after the Commonwealth rested. He reasons that, on cross-examination, the Commonwealth's witness, Dr. Kollar, introduced a defense for Appellant by testifying that Appellant told him, "he [, Appellant,] had [the knife] for his own protection." N.T., 2/16/2018, at 24. In his brief, Appellant states, "[The Commonwealth's] evidence revealed that Appellant carries the pocket knife for protection when off school property."[6] Appellant's Brief at 13. According to Appellant, because the Commonwealth did not introduce evidence in its case-in-chief to rebut the assertion that Appellant had the knife for his own protection, the evidence, as a matter of law, was insufficient to support Appellant's conviction and his motion for judgment of acquittal should have been granted.[7]

_____

[6] This is a mischaracterization of the testimony. Dr. Kollar stated, "he [Appellant] mentioned to me that he had it [the knife] for his own protection." N.T., 2/16/2018, at 24. Dr. Kollar did not mention anything about Appellant being outside school property when he used the knife.

[7] Without citing to any authority, Appellant argues that his possession of the knife for protection is a lawful purpose. Appellant's Brief at 14. The Commonwealth argues the opposite, "self-defense is not a lawful purpose for bringing a weapon to school. If it were, any student could bring a weapon to school." Commonwealth's Brief at 12.

In **Commonwealth v. Goslin**, 156 A.3d 314 (Pa. Super. 2017), this Court interpreted the language of Section 912(c). We held that the language, "other lawful purpose," "expands the defense to include any additional or different lawful reason not otherwise mentioned in the first clause of Section 912(c), regardless of whether it is school-related." **Id**. at 317-318. However, we noted, "[a]lthough we are concerned about individuals possessing weapons on school property, we are bound by the broad defense that the legislature has provided defendants in such cases. We would urge the legislature to

Appellant's argument is without merit. Dr. Kollar testified that on the way to the locker, Appellant told him that the knife was used for protection. Assuming for sake of argument that self-defense constituted a lawful purpose that justified Appellant's possession of the knife, the trial court had to believe the statement made by Appellant.[8] The trial court, as the finder-of-fact, did not believe this statement. Trial Court Opinion, 10/12/18, at 5. The Commonwealth was under no duty to present additional evidence "if it determined that its existing evidence was sufficient to refute the defense." *Commonwealth v. Weis*, 611 A.2d 1218, 1225 (Pa. Super. 1992).[9]

Appellant's argument that the Commonwealth failed to rebut the defense he raised during his own testimony fails for the same reason. Simply raising an affirmative defense does not mandate that the fact-finder believe

_____

review this language to ensure that the legislature's view has not changed since it enacted this defense in 1980." *Goslin*, 156 A.3d at 318, n. 4.

We are inclined to agree with the Commonwealth, however, we need not reach the question of whether self-defense constitutes an "other lawful purpose" within the meaning of the statute today.

[8] Appellant appears to argue that the Commonwealth had to rebut Appellant's references to self-defense, as conveyed in Dr. Kollar's testimony, because the disclosure came from a witness for the Commonwealth. *See* Appellant's Brief at 8.

[9] In fact, Dr. Kollar's testimony was subject to several interpretations. The court, acting as factfinder, could have believed that Appellant told Dr. Kollar that the knife was used for self-defense but rejected the credibility of Appellant's out-of-court-statement, given the self-serving nature of the declaration. Because we view the evidence in the light most favorable to the verdict-winner, the Commonwealth is entitled to this interpretation on appeal.

the defense or that the Commonwealth present additional evidence to rebut it. Appellant testified that the knife was in his pocket for a lawful purpose a few days prior to this incident and he did not realize that he still had it until after he arrived at school. In rejecting Appellant's contention, the trial court noted that this stated defense was inconsistent with the self-defense explanation that Appellant gave Dr. Kollar. The trial court also noted the heft of the knife and found it difficult to believe that Appellant would not have noticed it in his pocket. The trial court did not find Appellant's testimony regarding his alleged "lawful purpose" to be credible. Assessing the credibility of witnesses is within the purview of the trial court.[10] The evidence was sufficient to support Appellant's conviction.

In his final issue, Appellant argues that the trial court abused its discretion by admitting into evidence a certified copy of Appellant's juvenile adjudication for burglary in 2013.

> The admission of evidence is committed to the sound discretion of the trial court, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.

---

[10] Moreover, by Appellant's own testimony, the lawful purpose for which he claims he had the knife occurred days before he brought it to school. Were we to accept Appellant's argument, it would be lawful for every student to carry a weapon to school so long as they had a lawful purpose for its possession *at some point* before bringing the weapon to school. This absurd result cannot be what the legislature intended. **See** 1 Pa.C.S.A. § 1922 (when ascertaining the legislative intent behind a statute, we presume "the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable").

*Commonwealth v. Akrie*, 159 A.3d 982, 986–987 (Pa. Super. 2017) (citation omitted).

Pennsylvania Rule of Evidence 609(a) provides that, "[f]or the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of *nolo contendere*, **must** be admitted if it involved dishonesty or false statement." Pa.R.E. 609(a) (emphasis added). In Pennsylvania, burglary is a *crimen falsi* offense as it involves dishonesty, therefore, evidence of a conviction for burglary is admissible for impeachment purposes. *Commonwealth v. Harris*, 884 A.2d 920 (Pa. Super. 2005). Likewise, evidence of a juvenile adjudication "may be used to impeach the credibility of a witness if the offense would be admissible to attack the credibility of an adult." Pa.R.E. 609(d). Appellant argues that his credibility "was not an issue in this case because there was no conflicting testimony or evidence presented." Appellant's Brief at 17. However, where a defendant testifies in his own defense, he places his credibility at issue. "If a defendant offers himself as a person worthy of belief, the [fact-finder] has a right to know what kind of man he is—to aid in assessing his credibility." *Commonwealth v. Butler*, 173 A.2d 468, 474 (Pa. 1961). The trial court did not abuse its discretion by admitting evidence of Appellant's adjudication for burglary.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/10/19