J-S10037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                           :                PENNSYLVANIA
                                           :

             v.                               :
                                         :
                                         :

GAVIN DAVID WAGNER                 :
                                         :

            Appellant            :     No. 190 MDA 2024

Appeal from the Judgment of Sentence Entered January 4, 2024
In the Court of Common Pleas of Perry County
Criminal Division at No(s):  CP-50-CR-0000209-2022

BEFORE:  BOWES, J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:         **FILED: SEPTEMBER 19, 2025**

Gavin David Wagner ("Wagner") appeals from the judgment of sentence following his convictions for driving under the influence ("DUI"), operating a vehicle without ignition interlock, driving under a suspended/revoked license,[1] and related offenses and traffic violations.[2]  Wagner asserts 75 Pa.C.S.A. § 3802 is unconstitutional, and the statutory definition of electric bicycles should be rewritten.  Wagner has not articulated a proper constitutional or

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 3808(a)(1), 1543(b)(1).

[2] Wagner failed to order transcription of his trial and to ensure its presence in the certified record in violation of Pa.R.A.P. 1911(a); **Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa. Super. 2008).

statutory challenge upon which relief may be granted, and asks this Court to exercise legislative authority we do not possess. Accordingly, we affirm.[3]

As a result of Wagner's failure to order the transcription of his trial, the available facts are the limited to those the trial court provides: Wagner was detained on a highway while riding a battery-operated, two-wheeled cycle with a top speed of seventeen miles per hour that lacked pedals, lights, or turn signals, and had no place to attach a license plate. **See** Trial Court Opinion, 5/1/24, at 2-4.

The court convicted Wagner of the above-listed charges at a bench trial. In January 2024, it imposed a cumulative sentence of three months in prison with work release eligibility, subsequent electronic monitoring, and probation. **See id**. at 2.[4] Wagner filed a notice of appeal on February 6, 2024.[5] Both Wagner and the trial court complied with Pa.R.A.P. 1925.

---

[3] Although we could determine Wagner waived his issue, we decline to do so. Our review is not impaired by the limitations of the record and our standard of review of this issue of law is *de novo*. **See Commonwealth v. Dowling**, 959 A.2d 910, 913 (Pa. 2008).

[4] These were Wagner's third DUI convictions.

[5] Although Wagner filed his notice of appeal one day untimely, we believe dismissal on this basis is not appropriate. Appellate courts are authorized to grant an appeal *nunc pro tunc* when a notice of appeal is filed untimely for reasons other than the appellant's negligence. **See Criss v. Wise**, 781 A.2d 1156, 1159 (Pa. 2001) (requiring that the notice of appeal be filed shortly after the expiration date and that it not prejudice the appellee). Wagner avers he attempted to file his notice of appeal timely but was unable to do so because of a cyber-attack. **See** Wagner's Answer to Rule to Show Cause, *(Footnote Continued Next Page)*

Wagner raises the following issues for our review:

1. Is the definition of vehicles in 75 Pa.C.S.A § 3802 overly broad and therefore unconstitutional?

2. Should the current definition of electric b[i]cycles in 75 Pa.C.S.A. § 102 and § 3514 be redefined to include electric[-]powered bicycles that do not include [electric two-wheeled cycles] as long as all other conditions of said definition [are] satisfied?

Wagner's Brief at 4 (spelling and grammar corrected, punctuation standardized, extraneous words omitted).

Wagner asserts the definition of vehicles in Section 3802, addressing DUI, is overly broad and therefore unconstitutional because bicycles are included in the definition of "vehicles." The trial court found that a person commits DUI if intoxicated while operating a "vehicle," and Wagner was operating both a "vehicle" and a "motor vehicle" under the controlling Pennsylvania statutes. *See* Trial Court Opinion, 11/11/24, at 3, citing 75 Pa.C.S.A. §§ 1543, 3803, 102.

---

3/8/24, ¶ 10. A press release from our Supreme Court corroborates Wagner's assertion. *See Pennsylvania Courts' Cyber Attack Update*, The Unified Judicial System of Pennsylvania (Feb. 12, 2024), https://www.pacourts.us/news-and-statistics/news/news-detail/1166/pennsylvania-courts-cyber-attack-update. Because the delay in filing the appeal resulted from circumstances beyond Wagner's and his attorney's control, the notice of appeal was filed the next day, and there is no indication of prejudice to the Commonwealth. Thus, we decline to dismiss this matter.

Wagner's constitutional challenge fails. To begin with, Wagner fails to identify which constitution or constitutional provision 75 Pa.C.S.A. § 3802 allegedly violates. Additionally, Wagner fails to articulate an argument with detailed bases or meet his heavy burden of proving the challenged statute unconstitutional. Acts passed by the General Assembly are assessed with a strong presumption of constitutionality. ***Commonwealth v. Neiman***, 84 A.3d 603, 611 (Pa. 2013). A statute will not be found unconstitutional, "unless it clearly, palpably, and plainly violates the Constitution." ***See id***. (citation omitted).[6] Wagner's vague language lacking detail and clarity fails to make out a cognizable constitutionality claim.

This Court has found a bicycle is a "vehicle" under 75 Pa.C.S.A. § 3731, the predecessor statute to 75 Pa.C.S.A. § 3802. ***See Commonwealth v. Brown***, 620 A.2d 1213, 1215 (Pa. Super. 1993) (reversing dismissal of DUI charges against bicycle rider because a bicycle is a vehicle under 75 Pa.C.S.A. § 102, and refusing to consult legislative history to define "vehicle" because there is no ambiguity in the statutory definition). ***Cf. Kronebitter v. Com., Dept. of Transp., Bureau of Driver Licensing***, 615 A.2d 949, 950 (Pa.

---

[6] If there is any doubt whether a challenger has satisfied this high burden, the Court will resolve the doubt in favor of the statute's constitutionality. ***See Commonwealth v. Jenkins***, 328 A.3d 1076, 1085 (Pa. Super. 2024); ***Commonwealth v. Jezzi***, 208 A.3d 1105, 1110 (Pa. Super. 2019).

Commw. 1992) (holding a bicycle is a vehicle under Section 102 and riding a bicycle while DUI is a proper basis for license suspension).[7]

Like former Section 3731, Section 3802 makes it a crime for a person to "drive, operate or be in actual physical control of the movement of a vehicle" while intoxicated. 75 Pa.C.S.A. §3802(a)(1). The definition of vehicle under 75 Pa.C.S.A. § 102 continues to include "[e]very device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices exclusively used upon rails or tracks." Wagner offers no relevant authority for the proposition that it is unconstitutional to include bicycles in the definition of vehicles. Moreover, Wagner's motorized e-bike undoubtedly meets the definition of a vehicle under the statute. Clearly, if a non-motorized, pedal bicycle satisfies the statutory definition of a vehicle, a vehicle like Wagner's, that achieves up to 17 miles per hour, and has a motor is a "'Vehicle.' Every device . . . upon . . . which any person or property is or may be transported . . . upon a highway. . .." 75 Pa.C.S.A. § 102.[8] There is, accordingly, no merit to Wagner's overbreadth claim.

_____

[7] The Superior Court is not bound by Commonwealth Court decisions but such decisions provide persuasive authority we may consult for guidance when appropriate. *See Petow v. Warehime*, 996 A.2d 1083, 1089 n.1 (Pa. Super. 2010); *Commonwealth v. Stapleton*, 2024 WL 4969904 at *4 (Pa. Super. 2024) (unpublished memorandum).

[8] In fact, Wagner's e-bike, which is propelled by a motor, is not just a vehicle but a motor vehicle as well. *See* 18 Pa.C.S.A. § 102 (defining "motor vehicle" as "[a] vehicle which is self-propelled except an electric personal assistive mobility device or a vehicle which is propelled solely by human power").

Wagner's reference to the additional definition of electric bicycles under 75 Pa.C.S.A. § 3514, which states no person under 16 shall operate a pedalcycle with electric assist, *see* Wagner's Brief at 9, has no relevance to this case. In this matter, the relevant statute is 75 Pa.C.S.A. § 102, defining "vehicles" and "motor vehicles," which more accurately describe Wagner's mode of conveyance. Regardless, the judiciary does not add terms to statutes or modify those terms – that is the function of the legislature.

Wagner asserts the legislative intent behind the DUI statutes focuses on "the dangers of high-speed, heavy vehicles" and "the application of DUI to bicycles dilutes [the] focus on public safety, as the risks posed by a person operating a bicycle while intoxicated are minimal compared to those posed by an intoxicated motor vehicle driver." *See id*. at 6, citing *Commonwealth v. Noel*, 857 A.2d 1283 (Pa. 2004).[9]

Wagner's public policy arguments, discussed more fully in his second claim, are outside of this Court's purview. This Court does not legislate or establish policy – that is a legislative, not a judicial, function. *See in re*

_____

[9] Wagner's citation of *Noel* for the proposition that the application of DUI laws to bicycles dilutes the focus on public safety because the risks posed by drunk bicyclists are minimal misrepresents the holding of that case and is yet another unsupported policy argument. *Noel* addresses the constitutionality of a statute treating individuals *riding horses* or *horseback riders* like vehicle drivers, thus it is distinguishable and does not in any way support the notion that drunk bicycle riders pose minimal risk. We remind counsel of the responsibility to represent accurately the holdings of cited cases.

*Fortieth Statewide Investigating Grand Jury*, 197 A.3d 712, 721 (Pa. 2018) (stating that a court "may not usurp the province of the legislature" by re-writing the law). Furthermore, this Court only reviews the legislative intent of statutory language when the statute's language is ambiguous. *See Commonwealth v. Goslin*, 156 A.3d 314, 317 (Pa. Super. 2017) (*en banc*); *Commonwealth v. Aguilar*, 340 A.3d 311, 323 (Pa. Super. 2025). The statutory definition of "vehicle" has not been determined to be ambiguous, nor does Wagner cite supporting law.

Wagner's second issue asserts, nay pontificates, about policies that would support updating the definition of e-bikes, including their environmental benefits. Regarding the "archaic" definition of e-bikes, Wagner argues they should be classified as bicycles, because they are environmentally friendly, have been made to function safely without pedals, and other states permit pedal-less e-bikes and treat them differently than motor vehicles for DUI purposes. *See id*. at 7-8, 10-12.[10] These assertions are not within our purview as the legislature is the body that drafts and amends statutory language and considers policy changes. Furthermore, whether an e-bike is safe or environmentally friendly is completely irrelevant to the crimes charged

---

[10] Neither the Kansas case nor the California case Wagner cites appears on the pages of the reporters he cites and this Court has not been able to locate those cases. Further, this Court's task is to interpret Pennsylvania's statutes, and that other state courts have reached a different result under their states' laws is of no consequence to our review of Pennsylvania's laws.

and whether the DUI statute is constitutional. Thus, Wagner's second argument is without merit.

Judgment of sentence affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/19/2025